IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02783-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

WADE SANDERS,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed April 14, 2014; docket #23]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motion is referred to this Court for recommendation. (Docket #24.) The Court finds that oral argument will not assist in the adjudication of the motion. For the reasons that follow, the Court RECOMMENDS that Plaintiff's Motion be **granted**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

Plaintiff initiated this action on October 11, 2013, alleging that then-John Doe Defendant, identified only by his Internet Protocol ("IP") address, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films. In an effort to identify the alleged infringer, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendant's Internet Service Provider ("ISP") prior to the Rule 26(f) conference. (Docket #5.) The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's motion in part. (Docket #8.) In particular, the Court authorized Plaintiff to serve a third party subpoena pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendant as set forth in Plaintiff's Complaint. The Court directed that the subpoena be limited to providing Plaintiff with the true name, address, telephone number, and email address of the Defendant to whom the ISP had assigned an IP address. With the subpoena, the Court directed Plaintiff to serve a copy of its order. Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1]. The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a Rule 45 subpoena on Defendant's ISP and obtained his identity. Thereafter, Plaintiff filed an Amended Complaint on January 21, 2014, naming Mr. Sanders as a Defendant. (Docket #11.) Defendant filed his Answer to Plaintiff's Amended Complaint on March 24, 2014, asserting nine (9) affirmative defenses. (Docket #22.)

Plaintiff filed the present motion to strike certain affirmative defenses listed in the Answer

on April 14, 2014.  (Docket #23.)   Pursuant to D.C. Colo. LCivR 7.1(d), the Defendant was to file his response to the motion on or before May 8, 2014; however, he has filed no response.  The Court is now sufficiently advised and recommends as follows.

## LEGAL STANDARDS

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."  *Kimpton Hotel & Rest. Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).  Whether to strike an affirmative defense rests within the discretion of the trial court.  *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance."  *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).  The standard articulated in *Unger* continues to be the appropriate standard.  For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## ANALYSIS

Plaintiff's motion seeks to strike Defendant's first ("failure to state a claim"), third ("failure to mitigate damages"), fifth ("barring statutory damages"), sixth ("failure to join indispensable party") and eighth ("unclean hands") defenses.  Although Plaintiff notes in its motion that the parties could not come to agreement on this matter, Defendant filed no opposition to striking these defenses. As set forth in this Court's recommendations in substantively similar cases (*see, e.g., Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412 (D. Colo. Apr. 5, 2013), *adopted by* 2013WL 2115236 (D. Colo. May 15, 2013), the Court finds these defenses cannot succeed under any circumstance in this case.  Thus, the Court concludes Plaintiff's motion is confessed and will recommend striking Defendant's first, third, fifth, sixth and eighth affirmative defenses.

## CONCLUSION

Accordingly, this Court respectfully RECOMMENDS that Plaintiff's Motion to Strike Defendant's Affirmative Defenses [filed April 14, 2014; docket #23] be **granted** as set forth herein.

Entered and dated at Denver, Colorado, this 9th day of May, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge