IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-02783-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

WADE SANDERS,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with "Plaintiff's Motion to Strike Defendant's Affirmative Defenses" filed April 14, 2014.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge ["Recommendation"] was issued on May 9, 2014, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends therein that Plaintiff's Motion to Strike Defendant's Affirmative Defenses be granted.  (Recommendation at 1, 4.)

More specifically, Magistrate Judge Hegarty notes that Plaintiff's motion seeks to strike Defendant's first ("failure to state a claim"), third ("failure to mitigate damages"), fifth ("barring statutory damages"), sixth ("failure to join indispensable party") and eighth ("unclean hands") defenses.  (Recommendation at 4.)  He further states that while

Plaintiff's motion notes that the parties could not come to agreement on this matter, Defendant filed no opposition to striking these defenses. (*Id.*)

Magistrate Judge Hegarty finds that "these defenses cannot succeed under any circumstance in this case", as set forth in the recommendations in substantively similar cases (*see, e.g., Malibu Media, LLC v. Batz*, No. 12-cv-01953-WYD-MEH, 2013 WL 2120412 (D. Colo. Apr. 5, 2013), *adopted by* 2013 WL 2115236 (D. Colo. May 15, 2013). (Recommendation at 4.) He also finds that "Plaintiff's motion is confessed", and thus recommends striking the affirmative defenses at issue in the motion. (*Id.*)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find the Recommendation is well reasoned and that its rationale for granting Plaintiff's motion to strike is sound. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 6, 2014 (ECF No. 22) is **AFFIRMED and ADOPTED**. The first ("failure to state a claim"), third ("failure to mitigate damages"), fifth ("barring statutory damages"), sixth ("failure to join indispensable party") and eighth ("unclean hands") affirmative defenses are **STRICKEN**.

Dated: June 12, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge